**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| LESEA, INC., *et al.*,           ) <br><br>         Plaintiffs,      ) <br><br>     v.            ) <br>             ) <br> LESEA BROADCASTING   ) <br> CORPORATION, LESTER SUMRALL, ) <br> DR. JOHN W. SWAILS III, and   ) <br> EDWARD WASSMER,      ) <br>             ) <br>         Defendants.    ) | Case No. 3:18-cv-914-PPS-MGG |

LESEA, INC., *et al.*,                    )

                Plaintiffs,               )

        v.                                )
                                          )
LESEA BROADCASTING                        )
CORPORATION, LESTER SUMRALL,              )
DR. JOHN W. SWAILS III, and               )
EDWARD WASSMER,                           )
                                          )
                Defendants.               )
_____)
                                          )
LESEA BROADCASTING                        )
CORPORATION, *et al.*                     )
                                          )
        Counterclaim Plaintiffs and       )
        Third-Party Plaintiffs,           )
                                          )
        v.                                )
                                          )
LESEA, INC., *et al.*,                    )
                                          )
        Counterclaim Defendants and       )
        Third-Party Defendants.           )
_____)
                                          )
FRANK LESTER SUMRALL,                     )
                                          )
        Plaintiff-in-Intervention,        )
                                          )
        v.                                )
                                          )
LESTER SUMRALL, individually              )
and in his capacity as trustee of THE     )
LESTER SUMRALL FAMILY TRUST,              )
                                          )
        Defendant.                        )

Case No. 3:18-cv-914-PPS-MGG

## OPINION AND ORDER

Pending before the Court is a Motion to Intervene, along with a Complaint in Intervention, filed by Frank Lester Sumrall. [DE 82.] Frank Lester Sumrall seeks to intervene in this matter as a matter of right, pursuant to Fed. R. Civ. P. 24(a)(2). [*Id.*] The Court previously held this motion in abeyance as all parties involved in this matter, including Frank Lester Sumrall, attempted to reach a global settlement. [DE 84.] After settlement discussions stalled, the Court ordered the parties to respond to the proposed intervention. [DE 105.] The Plaintiffs and Counterclaim-Defendants filed a Notice of Non-objection. [DE 108.] Defendants and Counterclaim-Plaintiffs did not respond at all.

After a review of the Motion to Intervene and proposed Complaint in Intervention, it is clear that Frank Lester Sumrall has a right to intervene in this matter because he "claims an interest relating to the property or transaction that is the subject of [this] action" and the existing parties cannot adequately represent his interest. *See* Fed. R. Civ. P. 24(a)(2). In short, much of the dispute in this case centers around who owns various intellectual property rights associated with *Dr.* Lester Frank Sumrall, a now deceased minister who was one of the first and most well-known televangelists in America, and who is distinct from (but the father of) Plaintiff-Intervenor Frank Lester Sumrall. The dispute originally concerned various the grandchildren of Dr. Lester Frank Sumrall and various corporate entities controlled by them. [*See* DE 6, 43.]

But now the lawsuit is expanding to include another generation of the family. Frank Lester Sumrall (who is also the father of Defendant and Counterclaim-Plaintiff

Lester Sumrall) contests Defendant and Counterclaim-Plaintiff Lester Sumrall's

ownership in the property at issue and his legal authority to dispose of it and/or assign

it an entity known as The Lester Sumrall Family Trust, which is controlled by

Counterclaim-Plaintiff Lester Sumrall. [*See* DE 82-1.]

A short review of the allegations, coupled with all other parties' failure to object

to the proposed intervention, makes clear that Frank Lester Sumrall meets the four

requirements to intervene as a matter of right. *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316,

321 (7th Cir. 1995) ("Pursuant to Rule 24(a)(2), a petitioner must meet four criteria to

intervene as of right: '(1) timely application; (2) an interest relating to the subject matter

of the action; (3) potential impairment, as a practical matter, of that interest by the

disposition of the action; and (4) lack of adequate representation of the interest by the

existing parties to the action.'") (citation omitted). The motion to intervene was filed

relatively early in the case, before any substantial discovery took place. Furthermore, it

seems clear based on the alleged facts (and again, no one objects) that Frank Lester

Sumrall has an interest in the subject matter of this case which could be impaired by its

disposition and that Frank Lester Sumrall's interests do not align with any other

existing party and are thus not adequately represented by the existing parties.

ACCORDINGLY: Frank Lester Sumrall's Motion to Intervene [DE 82] is

GRANTED; the Complaint in Intervention, found at DE 82-1 is DEEMED FILED as of

the date of this order.

SO ORDERED on March 6, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT