UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LESEA, INC., FAMILY BROADCASTING
CORPORATION and LESEA GLOBAL
FEED THE HUNGRY INC,

Plaintiffs,

v.  No. 3:18CV914-PPS/MGG

LESEA BROADCASTING CORPORATION,
LESTER SUMRALL, DR. JOHN W. SWAILS III,
and EDWARD WASSMER,

Defendants.

---

LESTER SUMRALL and
THE LESTER SUMRALL FAMILY TRUST,

Counterclaim Plaintiff and Third-Party Plaintiffs,

v.

LESEA, INC., FAMILY BROADCASTING
CORPORATION, LESEA GLOBAL FEED
THE HUNGRY, INC., LESEA BROADCASTING
OF SOUTH BEND, INC.,  LESEA BROADCASTING
OF INDIANAPOLIS, INC.,  LESEA
BROADCASTING OF TULSA, INC.,  LESEA
BROADCASTING OF HAWAII, INC.,  LESEA
BROADCASTING OF ST. CROIX, INC.,  WORLD
HARVEST BIBLE COLLEGE INDIANA CHRISTIAN
UNIVERSITY, INC., STEPHEN P. SUMRALL, DAVID
M. SUMRALL, ANGELA N. GRABOWSKI, ANDREW J.
SUMRALL, and ADAM SUMRALL,

Counterclaim Defendants and Third-Party Defendants.

---

FRANK LESTER SUMRALL,

  Intervenor-Plaintiff,

  v.

LESTER SUMRALL, Individually and
in his capacity as Trustee of
THE LESTER SUMRALL FAMILY TRUST,

  Defendant.

## OPINION AND ORDER

The background of this litigation has been described in a number of other opinions and will not be repeated here. The LeSEA plaintiffs have continued their relentless assault on the counterclaims aimed against them by defendant Lester Sumrall and counterclaim-plaintiff the Lester Sumrall Family Trust.  Eleven days after LeSEA's motion for partial judgment on the pleadings became ripe, LeSEA filed a motion for partial summary judgment.  Both motions were directed at portions of the Second Amended Counterclaim filed by the Trust and Lester.   These are the fourth and fifth attempts by the LeSEA plaintiffs to dispose of Lester's claims on behalf of the Trust representing his father Frank's interests.  As counterclaim defendants to the claims of Lester/The Trust, the LeSEA entities and family members have *three times previously* filed potentially dispositive motions (on 5/15/20, 3/3/21 and 4/5/21) -- all motions to dismiss denied at least in part.

At the recent status conference, I expressed my dissatisfaction with the runaway nature of this litigation, including this peppering of the court with dispositive motions. The motion for partial summary judgment is the proverbial last straw, given the

2

ongoing status of discovery and the many discovery disputes that remain pending before the magistrate judge. Magistrate Judge Gotsch addressed the enlargement of discovery deadlines in March, when he set the expert discovery deadline as July 1, 2021 with responses by September 15 and the fact discovery deadline as November 1. [DE 171.] But on June 22, Judge Gotsch ruled that the deadline for expert reports was extended until 45 days after his rulings on pending discovery motions (all of which are still pending today), with any responses to those reports due 60 days later. [DE 214.] A further extension of the imminent fact discovery deadline appears likely, so that all discovery deadlines are undoubtedly still some months away.

       The prematurity of the new summary judgment motion was made plain by the Trust's motion under rule 56(d) seeking more time to respond.[1] The Trust has listed in detail the discovery not yet concluded and the relevant pending discovery disputes that should be resolved in order for the Trust to respond to the motion for partial summary judgment. [DE 255 at 7-12; DE 262 at 10-13.] I am persuaded that discovery is far from finished, and that the Trust should be allowed complete discovery, including what might be garnered from favorable rulings on pending discovery disputes, before being required to defend against summary judgment. I am also convinced that complete discovery is necessary before any requests for summary judgment can be appropriately analyzed and determined by the court.

---

[1] The briefing of the motion for additional time – totaling more than 150 pages of memoranda and exhibits – is yet another demonstration of the parties' overblown approach to the litigation.

Rule 56(d) authorizes a variety of remedies when a nonmovant demonstrates circumstances preventing it from presenting facts essential to justify its opposition to summary judgment. The Trust has requested additional time to take and receive discovery, as provided for in Rule 56(d)(2). But under Rule 56(d)(1), the court may instead "defer considering the motion or deny it." For the reasons already explained, and after considering the history of this litigation and the manner in which it has been and is being conducted, I am persuaded to deny the motion for partial summary judgment without prejudice, and require that summary judgment again be sought only after all discovery is complete.

ACCORDINGLY:

The Motion for Additional Time to Respond to the Motion for Partial Summary Judgment Under Fed.R.Civ.P. 56(d) [DE 255] is GRANTED in that pursuant to Rule 56(d) the Motion for Partial Summary Judgment [DE 231] is DENIED WITHOUT PREJUDICE to being refiled following the conclusion of all discovery.

SO ORDERED this 21st day of October, 2021.

    /s/ Philip P. Simon
United States District Judge