UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LESEA, INC., FAMILY BROADCASTING
CORPORATION and LESEA GLOBAL
FEED THE HUNGRY INC,

Plaintiffs,

    v.                                                                              No. 3:18CV914-PPS/MGG

LESEA BROADCASTING CORPORATION,
LESTER SUMRALL, DR. JOHN W. SWAILS III,
and EDWARD WASSMER,

Defendants.

---

LESTER SUMRALL and
THE LESTER SUMRALL FAMILY TRUST,

Counterclaim Plaintiff and Third-Party Plaintiffs,

    v.

LESEA, INC., FAMILY BROADCASTING
CORPORATION, LESEA GLOBAL FEED
THE HUNGRY, INC., LESEA BROADCASTING
OF SOUTH BEND, INC.,  LESEA BROADCASTING
OF INDIANAPOLIS, INC.,  LESEA
BROADCASTING OF TULSA, INC.,  LESEA
BROADCASTING OF HAWAII, INC.,  LESEA
BROADCASTING OF ST. CROIX, INC.,  WORLD
HARVEST BIBLE COLLEGE INDIANA CHRISTIAN
UNIVERSITY, INC., STEPHEN P. SUMRALL, DAVID
M. SUMRALL, ANGELA N. GRABOWSKI, ANDREW J.
SUMRALL, and ADAM SUMRALL,

Counterclaim Defendants and Third-Party Defendants.

---

FRANK LESTER SUMRALL,

    Intervenor-Plaintiff,

v.

LESTER SUMRALL, Individually and
in his capacity as Trustee of
THE LESTER SUMRALL FAMILY TRUST,

   Defendant.

## OPINION AND ORDER

On October 21, 2021, I granted the LeSEA plaintiffs' Motion for Partial Judgment on the Pleadings. [DE 271]. That ruling included the dismissal with prejudice of Count III of the Lester Sumrall Family Trust's Second Amended Counterclaim. [*Id*. at 8.] Count III was a claim that the LeSEA plaintiffs had violated the rights of publicity of founder Dr. Lester Sumrall. But "[o]n its face and in light of its own definitions of key terms, the Second Amended Counterclaim does not allege that the Trust possesses at least a 50% interest in patriarch Dr. Sumrall's rights of publicity, as required by the Indiana statute." [*Id*. at 4.] On November 16, the Trust moved for reconsideration of that ruling under Fed.R.Civ.P. 60(b) to the extent of reinstating its claim for an accounting under the right of publicity statute. [DE 280.] I denied that motion at a hearing held February 24, 2022 on the Trust's motion for a preliminary injunction. [DE 307.] Related to these rulings, the Trust has filed a "Motion to Open the Proofs and Supplement the Record with Respect to Counterclaim Defendant's Judgment on the Pleadings." [DE 309.]

The motion is a puzzling one. Its introductory paragraph refers to supplementing the record "with newly discovered evidence," and the Trust goes on to

2

identify three pieces of evidence: an assignment from Stephen Sumrall, an assignment signed by Peter Sumrall, and deposition testimony by Angela Grabowski as the personal representative of Peter Sumrall's estate. [DE 309 at 2.] But what is the point of seeking to add these matters to the record at this stage? The motions have been ruled on, based on a record that did not contain this evidence. In the final sentence of the very brief motion, the Trust says it wants to add the material to the record "for purposes of any appeal." [DE 09 at 3.] But to what end? On any appeal, my rulings would be reviewed based on the record as it was before me when I made my decision.

I share the views of LeSEA, Inc. as expressed in its Objection to the Trust's motion:

> It is unclear what procedural mechanism or mechanisms the Trust is invoking, and the Trust cites no applicable rule or caselaw to support its request. The Motion seems to simultaneously be a request under Rule 60(b) for relief from a judgment based upon newly discovered evidence (but without actually asking this court to grant any relief from any of its applicable orders) and yet another request to amend its pleadings-–this time to argue that LeSEA (as opposed to all of [the] named counter-parties) owns a 2/3 interest in Dr. Sumrall's publicity rights.

[DE 312 at 2-3.] LeSEA felt compelled to respond on the merits to the Trust's suggestion that the "new" evidence would alter the right of publicity analysis, despite the fact that the motion does not ask for reconsideration of the disposition of Count III. But LeSEA points out that the Trust had all three pieces of evidence prior to my ruling on its Rule 60(b) motion.[1] [DE 312 at 4.]

---

[1] The Trust in its reply suggests to the contrary, but in doing so appears to confuse the timing of the denial of the motion to reconsider on February 24. [DE 314 at 2.]

I perceive no basis, legal or even simply logical, to expand the record after the fact for purposes of a possible appeal.  The record is already preserved to reflect what it contained as of the time of each of my rulings.  The Trust's "Motion to Open the Proofs" does not properly request or identify a basis for reconsideration of the ruling on LeSEA's Motion for Partial Judgment on the Pleadings, and I will not undertake such a reconsideration.  In the final sentence of its reply, the Trust asks in the alternative that I consider its newly proffered exhibits and argument as a second motion to reconsider.  That request is a textbook example of "too little, too late" and is rejected.

**ACCORDINGLY:**

Counterclaim Plaintiff The Lester Sumrall Family Trust's Motion to Open the Proofs and Supplement the Record [DE 309] is DENIED.

**SO ORDERED.**

**ENTERED:  March 29, 2022.**

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**