**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

LESEA, INC., FAMILY BROADCASTING
CORPORATION and LESEA GLOBAL
FEED THE HUNGRY Inc.,

Plaintiffs,

  v.            No. 3:18CV914-PPS

LESEA BROADCASTING CORPORATION,
LESTER SUMRALL, DR. JOHN W. SWAILS III,
and EDWARD WASSMER,

Defendants.

―――――――――――――――――――――――

LESTER SUMRALL and
THE LESTER SUMRALL FAMILY TRUST,

Counterclaim Plaintiff and Third-Party Plaintiffs,

  v.

LESEA, INC., FAMILY BROADCASTING
CORPORATION, LESEA GLOBAL FEED
THE HUNGRY, INC., LESEA BROADCASTING
OF SOUTH BEND, INC.,  LESEA BROADCASTING
OF INDIANAPOLIS, INC.,  LESEA
BROADCASTING OF TULSA, INC.,  LESEA
BROADCASTING OF HAWAII, INC.,  LESEA
BROADCASTING OF ST. CROIX, INC.,  WORLD
HARVEST BIBLE COLLEGE INDIANA CHRISTIAN
UNIVERSITY, INC., STEPHEN P. SUMRALL, DAVID
M. SUMRALL, ANGELA N. GRABOWSKI, ANDREW J.
SUMRALL, and ADAM SUMRALL,

Counterclaim Defendants and Third-Party Defendants.

―――――――――――――――――――――――

## OPINION AND ORDER

This case has been both tortuous and torturous.  After nearly five years of relentless litigation, in August 2023, I issued two opinions resolving all remaining claims in this case. [DE 386, 387.] For present purposes, familiarity with those opinions is assumed. The opinions resolved the counterclaims and third-party claims of the Lester Sumrall Family Trust[1] and Lester Sumrall ("plaintiffs" for purposes of this opinion) against counterclaim defendants and third-party defendants LeSEA, Inc., Family Broadcasting Corporation, LeSEA Global Feed the Hungry, Inc., Adam Sumrall, Stephen Sumrall, David Sumrall, Angela Grabowski, and Andrew Sumrall.  [DE 386, 387.]  Defendants were granted summary judgment with respect to the Trusts' remaining claims.  [DE 386 at 28.]  Defendants were also granted summary judgment on the remaining claim of Lester Sumrall individually.  [DE 387 at 18.]

Following the entry of judgment, plaintiffs filed a notice of appeal and the appeal remains pending.  [DE 398.]  Defendants filed a bill of costs in the amount of $14,319.60, which was taxed without objection.  [DE 390, 400.]  Before me now are two motions by defendants seeking an award of attorney's fees.

### Fee-Shifting Under the Copyright Act and Indiana Right of Publicity Law

Under what is called the "American Rule," the parties in civil cases presumptively bear their own attorney's fees unless there is specific statutory or other authority for shifting the prevailing party's fees to the losing party.  *See City of San*

---

[1] The Trust asserts the claims of Frank Sumrall, based on his rights of inheritance from his father, Dr. Lester Sumrall.  Plaintiff Lester is the son of Frank and grandson of Dr. Sumrall.

2

*Antonio, Texas v. Hotels.com, L.P.*, 539 U.S. 330, 332 (2021); *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010).  The first of defendants' two  motions is their Motion for Attorney's Fees  Under 17 U.S.C. §505 and Indiana Code §32-36-1-12.  [DE 391.]

Defendants invoke the Copyright Act because both the Trust and Lester Sumrall individually brought claims of copyright infringement.  Section 101 of the Copyright Act of 1976 authorizes a district court to "award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. §505.  The Supreme Court has observed that "[u]nlike many fee-shifting statutes, which entitle prevailing plaintiffs to recover fees as matter of course but allow prevailing defendants to recover fees only if the suit was frivolous, §505 treats both sides equally and allows an award in either direction." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).  "Since *Fogerty* we have held that the prevailing party in copyright litigation is presumptively entitled to reimbursement of its attorneys' fees." *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008), citing *Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.3d 822, 824 (7th Cir. 2005). *See also UIRC-GSA Holdings, LLC v. William Blair & Company, L.L.C.*, 90 F.4th 908, 918 (7th Cir. 2024).

Here the defendants were the prevailing parties and are entitled to an award of attorney's fees under the Copyright Act. *Mostly Memories, Inc. v. ForYour Ease Only, Inc.*, 526 F.3d 1093, 1099 (7th Cir. 2008).  Plaintiffs have filed no opposition to the motion for a fee award under §505.  The lack of opposition gives me no occasion to consider any factors that might weigh against a fee award.  "[W]hen denying a prevailing copyright

defendant his attorney's fees, a district court's discretion is very narrow.  Time and

again we have declared that 'prevailing defendants in copyright cases are

presumptively entitled (and strongly so) to recover attorney fees.'"  *Live Face on Web,

LLC v. Cremation Society of Illinois, Inc.*, 77 F.4th 630, 632 (7th Cir. 2023), quoting

*Woodhaven*, 896 F.3d at 824.  The strength of the presumption may explain plaintiffs'

decision not to file any response to defendants' motion.

In addition to the federal Copyright Act, defendants motion invokes Indiana

Code §32-36-1-12 because one of the Trust's counterclaims was for a violation of the

Indiana right of publicity.  I.C. §32-36-1-12(1) provides that in a case under Indiana's

Rights of Publicity statute, "the court...shall award to the prevailing party reasonable

attorney's fees, costs and expenses relating to an action under this chapter." On October

21, 2021, I granted defendants' motion for judgment on the pleadings as to the Trust's

right of publicity claim and dismissed it with prejudice.  [DE 271 at 4-5, 8.]  The Trust

made several subsequent unsuccessful efforts to reverse this decision.  [DE 280, 307, 309,

316.]  Defendants are clearly the prevailing parties on the Trust's right of publicity

claim, and the mandatory "shall" in the applicable Indiana statute appears to be

determinative as to their right to recover reasonable attorney's fees relating to the

action.

Because defendants' entitlement to fees is established under the applicable

statutes, "[t]he only consideration...is the reasonableness of the fees."  *Spellan*, 59 F.3d at

645.  Claims based in copyright were two of the Trust's eight counterclaims, and one of

4

Lester's two.  Indiana's right of publicity was the basis for a single counterclaim by the Trust.  So I have to consider the propriety and fairness of imposing all of defendants' attorney's fees on plaintiffs when the authority for doing so underlies only four of the ten counterclaims.  Defendants have addressed this in their motion [DE 392 at 5], citing *Mendocino Game Company, Inc. v. Warren Industries, Inc.*, No. 1:02-CV-289-TS, 2006 WL 8451808, *5 (N.D.Ind. June 1, 2006).  There Judge Springmann, dealing with a prevailing copyright plaintiff rather than a defendant, observed that when determining an award of attorney's fees the lodestar may be adjusted on consideration whether the plaintiff failed to prevail on claims that were unrelated to the claims on which he succeeded. She quoted the Seventh Circuit:  "[W]ith unsuccessful but related claims – that is, claims related to prevailing claims by a common core of facts or based on related legal theories – the court must...concentrate on overall results obtained.  If the plaintiff has achieved only partial success...compensating the plaintiff for all hours expended on the litigation may be excessive."  *Spellan v. Bd. of Educ. for District 111*, 59 F.3d 642, 646 (7th Cir. 1995) (citations and internal quotation marks omitted).

The Seventh Circuit has held that a prevailing plaintiff "should not be compensated for work performed on unsuccessful claims that are not legally or factually related to the prevailing claim."  *Id*. at 645.  Conversely, the award of fees to a prevailing party is permissible for work performed on successful claims that *are* factually or legally related to the claims on which the party prevailed.  Here defendants have prevailed against *all* claims by Lester and the Trust, all of which are factually and

legally related in that they claim the defendants wrongfully acquired and used the copyrighted written works and other intellectual property of the Sumrall family patriarch after his death.

In the context of a fee award to a prevailing civil rights plaintiff, the Supreme Court discussed the difficulty – and the unreasonableness – of attempting a surgical division of counsel's time and effort in a litigation like this one.  Where a plaintiff's claims "involve a common core of facts" or are "based on related legal theories," then "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).  " Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*. Where defendants' degree of success was total, and all the claims were distinctly related, I conclude based on the overall results obtained that it is reasonable not to reduce the award of attorney's fees in an attempt to distinguish between the defense of the copyright and publicity claims versus other claims.  Again, plaintiffs have failed to oppose defendants' motion, and so have forgone any argument for a reduction of fees in view of the different causes of action they pursued, all unsuccessfully.

So how much in attorney's fees are to be awarded to defendants?  Their motion unhelpfully provides only an estimate of their attorney's fees and requests a separate briefing schedule to finalize the amount:  "Defendants estimate that they incurred

approximately $900,000 in attorneys' fees since Lester filed the claims in this matter plus the fees it has incurred, and will incur, in subsequent fees-related briefing." [DE 392 at 16.] Prolonging the conclusion of the lengthy litigation this way is most unwelcome, and, as there has been no opposition brief for defendants to reply to, their total fees through this motion could have been provided and supported in the motion without the need for another round of briefing. But as the matter stands, I am in no position to determine a reasonable award of fees because defendants have not requested a sum certain and have not provided any evidence in support of it.

Defendants rightly recognize that the fee award under the Copyright Act and Right of Publicity statute is limited to their defense of the claims Lester filed in the case on his behalf and as trustee of the Trust. [DE 392 at 16.] No fee award has been requested or shown to be appropriate for the fees incurred by some of the defendants in their role as the plaintiffs who initiated this litigation in November 2018 by suing Lester and his rival "LeSEA" corporation. Defendants should properly limit their fee petition to their defense against the claims of Lester and the Trust and exclude fees incurred in the prosecution of their own claims, or show cause why such a limitation is unnecessary.

<u>Sanctions for Counsel's Conduct</u>

Defendants' second motion seeking an award of fees is their Motion for Sanctions and Attorneys' Fees Under 28 U.S.C. §1927. [DE 393.] By this motion, defendants seek to impose a portion of their attorneys' fees on plaintiffs' counsel.

District courts have broad inherent power to sanction attorneys and litigants for improper and abusive litigation tactics and behavior. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *Mullen v. Butler*, 91 F.4th 1243, 1250 (7th Cir. 2024). Nonetheless, "'caution and restraint' must be used when a district court exercises its inherent power." *Mullen*, quoting *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009). Section 1927, entitled "Counsel's liability for excessive costs," provides:

> Any attorney or other person admitted to conduct cases in any court of the United States...who so **multiplies the proceedings in any case unreasonably and vexatiously** may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

(Emphasis added.) "[L]iability under §1927 is personal to the lawyer; the client may not be ordered to pay for counsel's misconduct." *Cooke v. Jackson Nat'l Life Ins. Co.*, 919 F.3d 1024,1029 (7th Cir. 2019).

"Vexatious-litigation sanctions under §1927 require a showing of either subjective or objective bad faith." *4SEMO.com Incorporated v. Southern Illinois Storm Shelters, Inc.*, 939 F.3d 905, 913 (7th Cir. 2019). Subjective bad faith supports §1927 sanctions but is not necessary; "a finding of objective bad faith will support an award of sanctions." *Estate of Perry v. Wenzel*, 872 F.3d 439, 463 (7th Cir. 2017). "Attorneys demonstrate objective bad faith when they pursue 'a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound.'" *Matter of Lisse*, 921 F.3d 629, 641 (7th Cir. 2019), quoting *Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1082 (7th Cir. 2018).

"An attorney runs afoul of §1927 if he: (1) acts in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice; or (2) files a claim that lacks a plausible legal or factual basis or justification." *Webb v. Frawley*, 906 F.3d 569, 583 (7th Cir. 2018) (internal quotation marks and citation omitted). Section 1927 imposes "'a continuing duty upon attorneys to dismiss claims that are no longer viable.'" *Jolly Group, Ltd. v. Medline Industries, Inc.*, 435 F.3d 717, 720 (7th Cir. 2006), quoting *Dahnke v. Teamsters Local 695*, 906 F.2d 1192, 1201 n.6 (7th Cir. 1990). District courts have "broad discretion" when applying §1927, and the Court of Appeals "will reverse only if no reasonable person could have come to the same conclusion, in these circumstances." *Hunt v. Moore Brothers, Inc.*, 861 F.3d 655, 660 (7th Cir. 2017). Sanctions under §1927 are an extraordinary step, warranting both caution and restraint. The motion filed by defendants places the burden squarely on them to demonstrate particular conduct, or a pattern of conduct, that justifies sanctions. So what do defendants specifically cite?[2]

Relying on an attorney's continuing duty to assess claims asserted and dismiss those no longer viable, defendants point to counsel's stubborn assertion of the counterclaims despite repeated suggestions by both opposing counsel and the court that the claims were time-barred in view of their genesis in the long-ago death of the

---

[2] Under the heading "Background," defendants unhelpfully offer a laundry list of opposing counsel's behavior that they have found objectionable over the course of the litigation. [DE 394 at 2-6.] The list is provided without discussion situating the allegations within the context of §1927. My analysis of the appropriateness of sanctions under §1927 is limited to the conduct defendants identify and address more fully in the "Argument" section of their brief.

family patriarch, Dr. Lester Frank Sumrall, in 1996.  [DE 394 at 7.]  My initial reaction is to resist any suggestion that an attorney must heed the dire assessments of her opposing counsel as to the viability of the claims she pursues on her clients' behalf.  But a reasonable attorney must give reasonable consideration to opposing counsel's warnings, particularly so when she hears echoes of them from multiple courts before which her clients appear, and when the legal viability of the claims is questionable on even a superficial consideration of the underlying facts (i.e., claims based on a death that occurred more than 20 years before).

The ultimately dispositive rulings found that all of the Trust's remaining counterclaims were time-barred, whether on the basis of laches, an applicable statute of limitations, or both.  [DE 386 at 27-27.]  The lengthy passage of time was pertinent to the disposition of Lester's claims as well.  Lester's remaining counterclaim for copyright infringement was defeated by my conclusion that no reasonable jury could find that Lester owns the copyright to the subject "Traveler" photograph.  [DE 387 at 18.]  Lester obtained a copyright registration "20 years after the image was first published by LeSEA."  [*Id*. at 15.]  I held that Lester's "long-delayed registration of copyright in the Traveler Photo, despite LeSEA's open use of the image for many years with no assertion of copyright by Lester, makes a presumption of the validity of Lester's 2017 registration inappropriate."  [*Id*. at 16.]

Defendants identify the many occasions when plaintiffs' counsel received warnings that the counterclaims were untimely. In a March 5, 2021 opinion ruling on a

motion to dismiss some of the counterclaims, I commented on the Indiana Court of Appeals' judgment that Lester's belated attempt to open a probate estate for Dr. Sumrall was defeated by laches. [DE 166 at 6.]  I wrote that:  "This seems like a sensible conclusion since 20 years went by between Dr. Sumrall's passing and Lester's quixotic efforts to right a perceived wrong....Simply put, too much time had passed to try and remedy things at this point."  [*Id.*]  Although I also observed that the Indiana ruling was of course limited to the probate issue there presented, the discussion was certainly enough to cause a reasonable attorney to take stock of the viability of the claims asserted here.  The Indiana Court of Appeals ruling in May 2018 should also have served as a warning against "wait[ing] for more than twenty years following [Dr. Sumrall's] death before" asserting claims for legal relief because "[i]t is a fundamental rule of law that one who sleeps on his rights loses them."  [DE 126-2 at 6-7.]

During an in-person status conference held October 14, 2021, at which counsel for Lester was present (Ms. Hesse), I again expressed that I was very dubious of the claims because it appeared her client had slept on his rights.  [DE 266.]  At a February 24, 2022  hearing, I again raised the possibility that the doctrine of laches would defeat the counterclaims.  [DE 307; DE 310 at 9.]  In a March 3, 2022 ruling, I repeated my concern that despite previous allusions to the possibility of time bar, both by me and the Indiana Court of Appeals, the parties here had "not adequately analyzed the[] various possibilities" of "[w]hatever doctrine of repose applies."  [DE 310 at 9.]  In a rare expression of an unusual degree of legal skepticism, I wrote that "I continue to have

deep reservations that an action brought so long after Dr. Sumrall's death in 1996 is timely." [*Id*.]

It is true that the original counterclaims of Lester and the Trust were filed by another attorney before Ms. Hesse's entry of appearance. [DE 43, 87.] That fact does not excuse her from the obligations she undertook by assuming representation of plaintiffs with respect to the counterclaims. She is presumed to be familiar with the Indiana Court of Appeals' ruling, and was counsel of record here at the time of several of my opinions that raised the possibility (even the likelihood) of time barring the counterclaims. Plaintiffs' counsel cites plaintiffs' voluntary dismissal of certain defendants, but this bowing to the inevitable did not appreciably streamline the proceedings. [DE 397 at 2.] Nor does the effort to catalogue her criticisms of defendants' counsel effectively rebut the motion for §1927 sanctions. [*Id*. at 7-9.]

Defendants further point out that when they finally put the defense of laches squarely before me, counsel for plaintiffs did not respond to the issue in her opposition to summary judgment, which I noted in my opinion. [DE 386 at 15.] Plaintiffs' counsel now contends that she did oppose summary judgment on the basis of laches, but did so indirectly by three separate arguments concerning the statute of limitations, the continuing wrong doctrine and the doctrine of unclean hands. [DE 397 at 14-15.] The contention is as *ex post facto* as it is unpersuasive. Neither at the time I ruled on the defendants' summary judgment motions nor now do I find that the opposition brief offered these arguments, or any other, in opposition to the defendants' invocation of

12

laches.  So the disposition of the three state law counterclaims—Counts IV, V and VIII—on the basis of laches went unopposed by plaintiffs.  [DE 386 at 15, 20, 21.]

However, the Trust's copyright infringement and accounting claims in Counts I and II were disposed of on the basis of the three-year statute of limitations, as to which plaintiffs' counsel did offer arguments in opposition.  [DE 386 at 24; DE 361 at 10-15.] And on Lester's behalf, Ms. Hesse vigorously, though unsuccessfully, opposed defendants' separate motion for summary judgment on Lester's copyright claim based on the Traveler Photo.  [DE 353.]  Defendants do not (and cannot correctly) argue that Ms. Hesse did not defend the Trust's and Lester's copyright claims to the bitter end, because she did.  But the record clearly demonstrates, as the chronology I've outlined above shows, that plaintiffs' counsel was repeatedly warned that the counterclaims appeared not to be viable given the passage of time since Dr. Sumrall's death, the very basis on which all of the counterclaims were ultimately resolved.

By contrast, the claims of LeSEA, Inc. against Lester and his LeSEA entity that initiated this litigation in 2018 were largely resolved by agreement, first by the parties' stipulation to a preliminary injunction in January 2019  and later to a permanent injunction in January 2023, both of which prohibited Lester's use of the name "LeSEA." Plaintiffs' counsel has underscored this point:  "[LeSEA] did very little to pursue any of [its] Claims during the litigation."  [DE 397 at 8.]  The length of this litigation and the considerable dispositive motion practice are largely attributable to the Trust's and Lester's untimely counterclaims, none of which has been successful.  Counsel's failure

13

to reasonably evaluate the viability of the counterclaims she pursued on behalf of the Trust and Lester based on rights that accrued some 20 years previously unreasonably multiplied these proceedings and appropriately subjects counsel to a reasonable award of defendants' attorneys' fees under §1927.

The other primary basis defendants argue for sanctions under §1927 is counsel's pattern of conduct in opposing the two final dispositive motions for summary judgment. Defendants maintain that plaintiffs' counsel's briefs "relied on non-existent quotes, undisclosed witnesses, unfounded statements of material fact, and repeated attempts to mislead this Court." [*Id*.][3] Defendants' ultimate focus is plaintiffs' counsel's incorrect citations to the record in support of assertions of fact. As I noted in my ruling granting summary judgment against the Trust: "In a frankly astonishing number of instances, the Trust's assertion of a fact is not supported by the evidence cited." [DE 386 at 13, citing 13 instances.] I further noted counsel's habit of asserting facts not material to the issues presented, or asserting legal conclusions or otherwise misplaced content as assertions of material fact. [*Id*. at 14, citing 12 instances.] Plaintiffs' counsel responds with a belated attempt at correction and explanation of

---

[3] Although defendants also refer in a section heading to counsel's incorrect citations to "Applicable Case Law," the suggestion is not further discussed in their argument. [DE 394 at 8.] Responding to this argument that defendants did not flesh out, plaintiffs' counsel devotes four pages of her opposition defending her mis-quotation of the Supreme Court's opinion in *Community for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989), which I criticized in my opinion on Lester's copyright claim. [DE 387 at 8.] Because defendants did not develop the point in support of their motion (but only in their reply brief), I do not rely on the matter in determining whether to impose sanctions under §1927.

many of her previous errors.  But as defendants correctly observe, the attempt is

unsuccessful:

> Counsel offers an exhibit that purports to set the record straight with *post hoc* citations to evidence and corrections to previous citations...The exhibit contains no less than seven (7) instances of Counsel pointing to additional evidence not originally cited in support of the particular stated facts (DE 397-5 at 2, 9-10, 11, 14, 17, 20, and 23) and six (6) instances of Counsel revising previously incorrect or noncompliant citations and other mistakes in particular stated facts (DE 397-5 at 12, 17, 19, 20, 21, 24).

DE 402 at 4.  These "corrections" merely underscore the inaccuracy of counsel's original

filing.  Worse, and more substantively, defendants provide a small sampling – all of

which I confirm after review of counsel's response – of her *continued* assertion of facts

not supported even by the modified record and counsel's commentary now offered.

[DE 402 at 4-5, citing DE 397-5 at 2, 9, 11, 14, and 17.]  Counsel has stubbornly played

fast and loose with the facts and the evidence to support them.  This pattern of conduct

by counsel goes beyond sloppy or negligent and betrays a serious disregard for the

orderly process of justice and an objective bad faith that unreasonably multiplied the

burden of both opposing counsel and the court in analyzing the summary judgment

record and arguments.

Defendants also urge as a basis for §1927 sanctions plaintiffs' counsel's allegedly

false statements to the court about production of the negatives of film shot on the China

trip that yielded the Traveler Photo.  [DE 394 at 9.]  Defendants also cite plaintiffs'

counsel's reliance on a number of previously undisclosed witnesses as a basis for §1927

sanctions.  [*Id.* at 11.] Both of these arguments appear to have been abandoned.

15

Defendants' reply does not address plaintiffs' counsel's assertions in opposition that "[t]he photograph negatives were produced by both parties after the discovery cut-off" and that "LeSEA also used affidavits in support of its motion for summary judgment from witnesses not previously disclosed." [DE 397 at 13, 15.] Arguments abandoned in a reply brief are generally deemed waived. *See e.g., United States v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008); *Keck Garrett & Assoc., Inc. v. Nextel Communications, Inc.*, 517 F.3d 476, 487 (7th Cir. 2008). I have given those matters no consideration in my analysis.

In sum, for the reasons outlined above, sanctions under §1927 are plainly appropriate but the amount to be imposed will (unfortunately) need to be the subject of further briefing. I simply will note at this point what the Seventh Circuit has previously observed: "It is important to avoid, wherever possible, expending the resources associated with conducting a 'second major litigation' concerning fees." *REXA, Inc. v. Chester*, 42 F.4th 652, 673 (7th Cir. 2022), quoting *Spellan*, 59 F.3d at 645. I further remind counsel that a "but-for" test applies to determining an appropriate fee award for sanctionable conduct: "The complaining party may recover only the portion of his fees that he would not have paid but for the misconduct." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 109 (2017) (cleaned up). Therefore, any fee awarded under §1927 will likely be substantially limited. And in making the award I will keep in mind that "[u]nder *Goodyear*, calibrating the sanction to the bad faith conduct only requires 'rough justice' and not accountant-like precision." *Fuery v. City of Chicago*, 900 F.3d 450, 469 (7th Cir. 2018).

<u>**Conclusion**</u>

This opinion contains my rationale for granting reasonable awards of attorney's fees, in amounts to be determined, against plaintiffs under the Copyright Act and Indiana Right of Publicity statute, and against plaintiffs' counsel under 28 U.S.C. §1927. Defendants' motions are here granted. What remains is the determination of the amounts that are reasonable for each purpose. I will order the filing and briefing of two fee petitions, each supported by appropriate evidence of the fees requested. The fee petitions and briefing that must now be undertaken are not an occasion to seek reconsideration of what has already been decided. I will not entertain contentions that the fee awards are or are not rightly made, but only evidence and argument about the amounts of fees appropriately assessed.

**ACCORDINGLY:**

The Motion for Attorney's Fees Under 17 U.S.C. §505 and Ind. Code §32-36-1-12 [DE 391] is GRANTED.

The Motion for Sanctions and Attorneys' Fees Under 28 U.S.C. §1927 [DE 393] is GRANTED.

No later than **March 21, 2024**, separate fee petitions shall be filed, one seeking fees under the authority of the federal Copyright Act and Indiana's Right of Publicity law, the other seeking fees under 28 U.S.C. §1927. Lester Sumrall and his counsel shall have through **April 4, 2024** to file any responses, and petitioners may file any replies by **April 11, 2024.**

17

**SO ORDERED**.

ENTERED:  March 6, 2024.

                                    /s/ Philip P. Simon
                                 PHILIP P. SIMON, JUDGE
                                 UNITED STATES DISTRICT COURT