IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LESEA, INC., et al. | ) |
|       Plaintiffs, | ) Civil Action No. 3:18-cv-914-PPS-MGG |
| v. | ) |
| LESEA BROADCASTING CORPORATION, et al. | ) |
|       Defendants. | ) |
| LESTER SUMRALL, et al; | ) |
|       Counterclaim Plaintiffs and Third-Party Plaintiff, | ) |
| v. | ) |
| LESEA, INC., et al. | ) |
|       Counterclaim Defendants and Third-Party Defendants. | ) |

**PETITION FOR ATTORNEYS' FEES UNDER § 1927**

Counterclaim Defendants (i) Family Broadcasting Corporation, LeSEA, Inc., and LeSEA Global Feed The Hungry, Inc. and (ii) Third-Party Defendants David M. Sumrall, Angela N. Grabowski, Andrew J. Sumrall, and Adam Sumrall (collectively, the "Defendants") respectfully submit this Petition for Attorneys' Fees Under 28 U.S.C. § 1927.

## BACKGROUND

On September 6, 2023, Defendants brought two separate motions in this action. The first sought attorneys' fees under 17 U.S.C. § 505 and Ind. Code § 32-36-1-12 from the Lester Sumrall Family Trust and its sole trustee, Lester Sumrall (together, "Lester"). DE 391. The second sought attorneys' fees and sanctions under 28 U.S.C. 1927 from Lester's counsel, Ms. Channing Hesse ("Ms. Hesse") of Grogan, Hesse, & Uditsky P.C. DE 393. On March 6, 2024, the Court granted both motions. *See, generally,* DE 406.

With respect to Defendants' motion for sanctions against Ms. Hesse under § 1927, the Court found that the "failure to reasonably evaluate the viability of the counterclaims [Ms. Hesse] pursued…based on rights that accrued some 20 years previously unreasonably multiplied these proceedings and appropriately subjects counsel to a reasonable award of defendants' attorneys' fees under §1927." DE 406 at 13-14. The Court further found that Ms. Hesse's conduct at summary judgment "betrays a serious disregard for the orderly process of justice and an objective bad faith that unreasonably multiplied the burden of both opposing counsel and the court in analyzing the summary judgment record and arguments." DE 406 at 15. After determining that "[w]hat remains is the determination of the amounts that are reasonable for each purpose," the Court instructed Defendants to submit separate fee petitions for each. DE 406 at 17.

## LEGAL STANDARD

A court has discretion to impose sanctions under § 1927 when a party pursues claims "without a plausible legal or factual basis and lacking in justification." *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (quoting *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 119 (7th Cir.1994)). The Seventh Circuit has also interpreted § 1927 "to impose a continuing duty upon attorneys to dismiss claims that are no longer viable." *Jolly Group*, 435 F.3d

2

at 720 (quoting *Dahnke v. Teamsters Local 695*, 906 F.2d 1192, 1201 n. 6 (7th Cir.1990), *superseded by statute on other grounds*).

A party seeking to recover fees via sanctions "may recover 'only the portion of his fees that he would not have paid but for' the misconduct." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 109 (2017) (quoting *Fox v. Vice*, 563 U.S. 826, 836 (2011)). However, the goal of fee-shifting "is to do rough justice, not to achieve auditing perfection . . . [and] courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011). An award under § 1927 "is compensatory, not punitive." *Shales v. Gen. Chauffeurs, Sales Drivers & Helpers Loc. Union No. 330*, 557 F.3d 746, 749 (7th Cir. 2009).

## ARGUMENT

The Court has made clear it will only consider "evidence and argument about the amounts of fees appropriately assessed" rather than the merits of whether fees are rightly awarded. DE 406 at 17. Accordingly, the only issue here is what Ms. Hesse's sanctionable conduct cost Defendants that they otherwise would not have paid in the absence of such conduct. *See Goodyear*, 581 U.S. at 109.

**A.  Defendants Should Recover Attorneys' Fees Incurred Subsequent To October 14, 2021 Because Lester's Claims Were Clearly Not Viable At That Point.**

The Court lists several events in this litigation that should have triggered Ms. Hesse's continuing duty to assess the claims she asserted on Lester's behalf and dismiss those that are no longer viable. Though the first of these instances occurred in a March 5, 2021 opinion [DE 166 at 6], the most appropriate date from which the Court should apply the "but for" test is October 14, 2021 as it was (i) the second time this Court clearly expressed its concern with the claim and (ii)

3

subsequent to two letters from Defendants' counsel requesting withdrawal of the time-barred claims.

The Court stated in an in-person status conference with counsel on October 14, 2021 that it was dubious of Lester's claims because "it appeared [Ms. Hesse's] client had slept on his rights." DE 406 at 11 (citing DE 266). This statement followed an earlier ruling in which this Court commented that a prior Indiana Court of Appeals' judgment barring Lester Sumrall from opening a probate estate for Dr. Sumrall due to laches was "sensible" and "too much time had passed to try to remedy things at [that] point". DE 166 at 6. October 14, 2021 was therefore the second time this Court unequivocally expressed its concerns about the likely time-barred claims that Ms. Hesse was asserting on Lester's behalf. And, factoring in the Indiana Court of Appeals' ruling, it was the third time a court had raised this issue.

Further, the October 14, 2021 hearing was subsequent to:

- A June 10, 2021 letter from Defendants' counsel demanding a withdrawal of certain claims on the basis of recently produced text messages between Frank Sumrall and Stephen Sumrall disproving Lester's allegation that the first time Frank Sumrall knew of Dr. Sumrall's Last Will and Testament (the "Will") was April 25, 2017 and subjecting the claims with a two-year statute of limitations to dismissal [DE 395-2];

- A June 28, 2021 letter demanding a withdrawal of certain claims on the basis of the just-completed deposition of Frank Sumrall in which he testified that knew about the Will in 1996 and discussed the 2005 Power of Attorney he executed in his son Lester's favor in connection with the recovery of his inheritance [DE 395-3]; and

- Frank Sumrall's documented cognitive impairment and deterioration in September 2021, which would ultimately render him unable to provide testimony in this matter [DE 336-16].

The October 14, 2021 date is when Ms. Hesse's decision to continue with the claims—despite lacking any legal or factual basis to do so—was a decision to "unreasonably and vexatiously" multiply the proceedings as contemplated under § 1927. *See Jolly Group*, 435 F.3d at 719. Even if Ms. Hesse was not obligated to re-assess the claims prior to this date, the Court's clearly expressed concerns at the in-person status conference should have triggered Ms. Hesse's ongoing duty to assess her case and dismiss nonviable claims. Rather than do so, Ms. Hesse ignored the matter completely to the very end, resulting in great cost to Defendants in time, money, and effort as they spent the next two years defending against time-barred claims. The total amount of fees incurred defending against the claims from October 14, 2021 through September 27, 2023 are **$390,967** (being the sum of (a) **$308,396.50** incurred by Defendants as set forth in the Declaration of Louis T. Perry ("Perry Decl.") at ¶ 14-15 and (b) **$82,570.50** as set forth in the Declaration of James M. Hinshaw ("Hinshaw Decl.") at ¶ 9[1]. Exhibits R and S to the Perry Decl. and Exhibits D-F to the Hinshaw Decl. detail the work Ms. Hesse's decision necessitated, including briefing on summary judgment and meritless injunctive motions, settlement discussions, and numerous discovery disputes.

Because such work could have been avoided had Ms. Hesse dropped clearly non-viable claims, a recovery for fees spent defending against Lester's claims since October 14, 2021 is appropriate.

---

[1] David M. Sumrall retained James Hinshaw of Dentons Bingham Greenebaum also to protect his individual interests due to the LeSEA reservation of rights on its indemnity and defense undertakings on his behalf, and the potential for conflicts of interest between LeSEA and his own interests during the future course of the litigation. Hinshaw Decl. at ¶ 8.

5

**B.     Alternative Fee Calculations.**

Defendants recognize that the Court indicated that "any fee awarded under § 1927 will likely be substantially limited." DE 406 at 16. Accordingly, Defendants have further broken out alternative fees along the same lines with different starting points.

<u>First Alternative</u>:   The first alternative of **$248,516.50** consists of, as above, fees Defendants incurred as a result of Ms. Hesse's failure to reasonably evaluate Lester's counterclaims, albeit calculated beginning from the Court's March 3, 2022 ruling where the Court: (i) flagged a potential time bar for no less than the fourth time and (ii) denied Lester's request for a preliminary injunction because the claims underlying Lester's motion were not likely to succeed on the merits. Under this alternative, Defendants incurred a total of **$248,516.50** in attorneys' fees (being comprised of (a) **$195,150.50** in fees as detailed in the Perry Decl. at ¶ 16-17, Exs. T and U and (b) **$53,366.00** as detailed in the Hinshaw Decl. at ¶ 9).

<u>Second Alternative</u>.  The second alternative of **$100,984.50** consists of fees from February 22, 2023 through September 27, 2023 that Defendants would not have incurred save for Ms. Hesse's misconduct in connection specifically with summary judgment briefing. Under this alternative, Defendants incurred a total of **$100,984.50** in attorneys' fees (being comprised of (a) **$80,882.00** in fees as detailed in the Perry Decl. ¶¶ 18-19, Exs. V and W and (b) **$20,102.50** in attorneys' fees as detailed in the Hinshaw Decl. at ¶ 9).

Defendants nevertheless submit that October 14, 2021 is the most reasonable date from which sanctions should be calculated as (i) the evidence was largely clear at the point; (ii) this Court had previously indicated its skepticism of the claims; (iii) counsel had already sent multiple warning letters to Ms. Hesse; and (iv) it was clear that Frank Sumrall's mental deterioration would render him unable to testify or clarify his statements in his deposition.

**C.   The Amount Awarded in Sanctions Should be Subtracted from the Total Amount in Fees Awarded.**

Defendants' total fees are addressed in their concurrently filed Petition for Attorneys' Fees Under 17 U.S.C. § 505 and Ind. Code § 32-36-1-12. As an award of fees under § 1927 is compensatory rather than punitive, Defendants respectfully request that the total award under § 1927 in response to this Petition be subtracted from the total fees awarded against Lester Sumrall.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court award sanctions against Ms. Hesse and her firm Grogan Hesse & Uditsky under § 1927 (i) in Defendants' favor for **$308,396.50** and in David Sumrall's favor for **$82,570.50** or (ii) utilizing one of the aforementioned alternatives.

Dated: March 21, 2024

/s/  Louis T. Perry
Louis T. Perry (#25736-49)
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-0300
Fax: (317) 237-1000
louis.perry@faegredrinker.com

***Attorney for Plaintiffs, Counterclaim Defendants and Third-Party Defendants***

/s/ James M. Hinshaw
James M. Hinshaw (#16744-49)
DENTONS BINGHAM GREENEBAUM LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN  46204
james.hinshaw@dentons.com
Telephone: (317) 635-8900
Fax: (317) 236-9907

***Attorney for David M. Sumrall***